1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| RICHARD SPENCER, individually and on behalf of all others similarly situated, | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| STARBUCKS CORPORATION, | |
| Defendant. | |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

26  CLASS ACTION COMPLAINT                                        BURSOR & FISHER, P.A.
    CASE NO.                                      1990 NORTH CALIFORNIA BLVD., SUITE 940
27                                                             WALNUT CREEK, CA 94596
28

Plaintiff Richard Spencer ("Plaintiff"), by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge, against Starbucks Corporation ("Starbucks" or "Defendant").

**NATURE OF THE ACTION**

1. Defendant provides reloadable gift cards ("Gift Cards") intended for use in Defendant's coffee shops.

2. This case seeks redress for Defendant's practice of misrepresenting the value of these Gift Cards.

3. These Gift Cards can be purchased and refilled at Defendant's stores nationwide.

4. Defendant's Gift Cards include unfair, deceptive, and illegal conditions that are only revealed to customers after the point of sale, or never revealed at all.

5. Defendant's Gift Cards state that they "Cannot be redeemed for cash unless required by law."

6. However, Defendant does not reveal that despite this affirmation, Defendant's policy is that the Gift Cards are completely non-refundable and in fact have no mechanism in Massachusetts to refund the value of the Gift Cards even in situations where state law requires it.

7. These remaining balances are thus unavailable to Gift Card users and function as a hidden fee that is not disclosed to users.

8. When Gift Card holders attempt to redeem their Gift Card balances for cash, they are confronted with the fact that Defendant has no method which allows holders to redeem the Gift Card Balances.

9. Even after the point of sale, Defendant does not reveal that their Gift Card balances are completely non-refundable until users attempt to redeem their remaining balances.

10. Thus, the policies that produce these balances that Defendant keeps are not disclosed to customers clearly and conspicuously.

11. Massachusetts' M.G.L.A. 255D § 1 defines a "gift certificate" as:

> [A] writing identified as a gift certificate purchased by a buyer for use by a person other than the buyer not redeemable in cash and usable in its face amount in lieu of cash in exchange for goods or services supplied by the seller. A gift certificate shall include an electronic card with a banked dollar value, a merchandise credit, a certificate where the issuer has received payment for the full face value for the future purchase or delivery of goods or services and any other medium that evidences the giving of consideration in exchange for the right to redeem the certificate, electronic card or other medium for goods, food, services, credit or money of at least an equal value. A gift certificate shall not include pre-paid calling arrangements, as defined in section 1 of chapter 64H, or any electronic card usable with multiple unaffiliated sellers of goods or services.

12. Massachusetts' M.G.L.A. 200A § 5D requires that:

> A purchaser or holder of a gift certificate [as defined in section 1 of chapter 255D] which, by its terms, authorizes the purchaser or holder to add value thereto and which has been redeemed in part, such that the value remaining is $5.00 or less, shall make an election to receive the balance in cash or continue using the gift certificate. A gift certificate with a zero balance shall be void.

13. Defendant's Gift Cards are a gift certificate within the meaning of Massachusetts' M.G.L.A. 255D § 1.

14. All told, at least 10 states have statutes that require retailers to provides a cash refund up to a certain amount for a gift card's remaining value.[1]

15. In direct violation the laws of Massachusetts and many of her sister States and contrary to Defendant's representations, Defendant's policies "authorize[] the purchaser or holder to add value [to Defendant's Gift Cards] and [after being] redeemed in part, such that the value remaining is $5.00 or less, [do not allow purchasers or holders to] make an election to receive the balance in cash or continue using the gift certificate." M.G.L.A. 200A § 5D.

16. In fact, Defendant maintains a website that ostensibly allows users to redeem Gift Cards for cash under certain conditions.[2] However, in contravention of state law, Starbucks only allows purchasers who live in California or Oregon to use the website.[3] Purchasers, like Plaintiff, who reside in Massachusetts are thus excluded, despite the requirements of Massachusetts law.

17. These small balances add up. Defendant has distributed millions of these cards to Gift Card purchasers and holders throughout the United States. Thus, Defendant has acquired at least millions of dollars in revenue to which it is not entitled.

---

[1] *See* California (Cal. Civ. Code § 1749.5); Colorado (Colo. Rev. Stat. § 6-1-722(b)(2)); Maine (Me. Rev. Stat. Ann. tit. 33, § 1953(G)(5)); Montana (Mont. Code Ann. § 30-14-108(4)); Oregon (Or. Rev. Stat. § 646A.276(1)(d)); New Jersey (N.J.S.A. 46:30B-42.1(h)); Rhode Island (R.I. Gen. Laws § 6-13-12); Vermont (Vt. Stat. Ann. tit. 8, § 2704); Washington (Wash. Rev. Code § 19.240.020(3)).

[2] *See* https://starbuckscardredemption.com/index.html#/ (last accessed August 8, 2022).

[3] https://starbuckscardredemption.com/index.html#/home/faq (last accessed August 8, 2022): ("Q. Am I able to redeem my gift card for a check online if I live in a state other than California or Oregon?

A. No, at this time California and Oregon are the only states supported by the online portal for gift card cash redemption. Please call Customer Service at 1-800-782-7282 for further assistance.").

18. Plaintiff is a Gift Card holder who asserts claims on behalf of himself and similarly situated Gift Card holders for breach of contract and unjust enrichment.

**PARTIES**

19. Plaintiff Richard Spencer is a citizen of Massachusetts who resides in Boston, Massachusetts. Plaintiff Spencer is the holder of a gift card worth $4.94. Mr. Spencer's Gift Card originally contained an amount greater than $5.00. Mr. Spencer was not aware of Defendant's unfair and deceptive policies before he received the gift card but became aware of the unfair and deceptive conduct in August 2022 when he attempted to obtain a refund of the balance. Mr. Spencer attempted to obtain a refund of the balance of his Gift Card in cash in August 2022 before filing suit. First, Mr. Spencer had his Counsel call the telephone number on the back of his Gift Card but found that there was no option to redeem the balance of his card for cash. Second, Mr. Spencer had his Counsel visit the Starbucks Gift Card Cash Redemption website but found that Mr. Spencer's Gift Card was excluded from the redemption program because he lived in Massachusetts. Third, Mr. Spencer had his Counsel call Defendant's store located at 2 Atlantic Ave, Boston, MA 02110 at the number (617) 723-7819, but was told that Defendant would not refund the balance of Gift Cards even when there was less than $5 remaining on the card.

20. Defendant Starbucks Corporation is a Washington corporation with its principal place of business at 2401 Utah Ave., Seattle, WA, 98134. Defendant Starbucks Coffee Company operates coffee shops throughout Massachusetts, and the United States.

## JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

22.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant maintains their principal place of business in this district and a substantial portion of the events that gave rise to this cause of action occurred here.

23.     This court has personal jurisdiction over Defendant because Defendant maintains their principal place of business in this district.

## CLASS REPRESENTATION ALLEGATIONS

24.     Plaintiff seeks to represent a class defined as all persons in the United States who possess Gift Cards that are maintained by Defendant (the "Class").

25.     Plaintiff also seeks to represent a subclass defined as all Class members who reside in Massachusetts who possess Gift Cards that are maintained by Defendant (the "Massachusetts Subclass").

26.     Members of the Classes are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Classes number in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

27. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include but are not limited to whether Defendant's Gift Card refund policies are false and misleading.

28. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendant's false and misleading marketing and promotional materials and representations, possesses Gift Cards, and suffered a loss as a result of Defendant's refund policies.

29. Plaintiff is an adequate representative of the Class and Subclass because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

30. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment

of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Unjust Enrichment

31. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

32. Plaintiff brings this claim individually and on behalf of members of the Class and the Massachusetts Subclass against Defendant.

33. Plaintiff and Class members conferred benefits on Defendant by paying money to Defendant in the form paying money for the Gift Cards or causing others to pay money on their behalf.

34. Defendant has knowledge of such benefits.

35. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class members' Gift Card balance remainders. Retention of those moneys under these circumstances is unjust and inequitable because Defendant did not disclose that their Gift Card balances were non-refundable despite the explicit terms stating that the balances were refundable under certain conditions.

36. Defendant has also been unjustly enriched by its unfair and unlawful practice of refusing cash redemptions on unused card balances, resulting in additional funds on unused cards reverting to Defendant.

37. Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class members for Defendant's unjust enrichment, as ordered by the Court.

## COUNT II
### Breach of Contract

38. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

39. Plaintiff brings this claim individually and on behalf of members of the Class and the Massachusetts Subclass against Defendant.

40. Plaintiff and Class Members (either as principals or third-party beneficiaries) entered into identical, binding contracts with Defendant by accepting Defendant's offer to purchase Defendant's Gift Cards in accordance with the terms of Defendant's terms located on the back of the Gift Cards which stated that "Cannot be redeemed for cash unless required by law."

41. In consideration of the Gift Cards, Defendant was paid money.

42. Defendant breached this agreement by failing to allow Plaintiff and Class members to redeem their Gift Cards for cash even when required by law to do so.

43. Plaintiff and members of the Class have suffered damages as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the cash from their Gift Card balances to which they were promised.

44. As a direct and proximate result of Defendant's breach, Plaintiff and the Class are entitled to damages to be decided by the trier of fact in this action. Such damages include, but are not limited to, refunds of their Gift Card balance.

## RELIEF DEMANDED

45. WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

    (a) For an order certifying the nationwide Class and the Massachusetts Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and the Massachusetts Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and the Massachusetts Subclass members;

    (b) For an order declaring that Defendant's conduct violates the statutes referenced herein;

    (c) For an order finding in favor of Plaintiff, the nationwide Class, and the Massachusetts Subclass on all counts asserted herein;

    (d) For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

    (e) For prejudgment interest on all amounts awarded;

    (f) For an order of restitution and all other forms of equitable monetary relief;

    (g) For an order enjoining Defendant from continuing the illegal practices detailed herein and compelling Defendant to undertake a corrective advertising campaign; and

    (h) For an order awarding Plaintiff and the Class and Massachusetts Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims so triable.

Dated: August 11, 2022                    Respectfully submitted,

**CARSON NOEL PLLC**

By:  */s/ Wright A. Noel*
      Wright A. Noel

20 Sixth Avenue NE
Issaquah, WA 98027
Telephone: (425) 837-4717
Facsimile:  (425) 837-5396
E-Mail: wright@carsonnoel.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (*Pro Hac Vice Forthcoming*)
Julian C. Diamond (*Pro Hac Vice Forthcoming*)
Matthew A. Girardi (*Pro Hac Vice Forthcoming*)
888 Seventh Avenue, Third Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail: pfraietta@bursor.com
      jdiamond@bursor.com
      mgirardi@bursor.com

*Attorneys for Plaintiff*